**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLUMBIA TRADING CORP., SHANDONG JOYOUNG HOUSEHOLD ELECTRICAL APPLIANCE CO., LTD., and JOYOUNG COMPANY LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREEN ELECTRONICS, LLC, IMPORTHOME, LLC and GUOQIANG JIANG, also known as GORE JIANG,<br><br>*Defendants*. | Civil Action No. 17-1309 (JMV) (MF)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This case concerns intellectual property rights in a line of soymilk maker products. Plaintiffs allege that Defendants have been selling products, both online and in retail stores, that infringe on Plaintiff's trademarked designs. Currently pending before the Court is a motion filed by Plaintiffs Columbia Trading Corp.; Shandong Joyoung Household Electrical Appliance Co.; Ltd.; and Joyoung Company Limited (collectively, "Plaintiffs"), D.E. 16-1, to dismiss Defendants Green Electronics, LLC; Importhome, LLC; and Guoqiang Jiang's (collectively, "Defendants") counterclaims and to strike their affirmative defenses, D.E. 14. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and

---

[1] The following briefs were submitted in connection with this motion: Plaintiffs' brief in support of its motion, D.E. 16-1, hereinafter "Plaintiffs' Brief" or "Pl. Br."; Defendants' Opposition Brief, D.E. 26, hereinafter "Defendants' Brief" or "Def. Br."; and Plaintiffs' reply brief, D.E. 27, hereinafter "Reply Br." or "Reply."

L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

I.   **Factual Background and Procedural History**[2]

Plaintiff Joyoung Company Limited ("Joyoung") makes kitchen appliances, including a soymilk maker product line. D.E. 11 ("First Amended Complaint" or "FAC") at ¶ 12. The soymilk makers are household products which can be used to make different types of drinks. *Id.* Plaintiffs have trademark rights registered with the United States Patent and Trademark Office for each of their soymilk maker products. FAC at ¶ 13; Ex. A. Plaintiffs also have a copyright for the exclusive design and packaging of the soymilk makers themselves. *Id.* at ¶¶ 14-15; Ex. B-C. The products display a design on the front as well as a "Joyoung" label. *Id.*

Plaintiff Columbia Trading Corp. ("Columbia Trading") is the exclusive distributor of Joyoung products and has the right to preclude others from importing, selling, and marketing Joyoung products without authorization. FAC at ¶ 21. Columbia Trading also has the right to terminate authorization agreements with other retailers for violations of the agreement. *Id.* at ¶ 22.

Between February 2010 and August 2016, Defendants were authorized retailers of Columbia Trading's products. *Id.* at ¶ 24. However, when Defendants began purchasing Joyoung soymilk makers and selling them without permission, Columbia Trading terminated the agreement with Defendants. *Id.* at ¶¶ 24-25. Despite the termination, Columbia Trading discovered that Defendants were selling, on the internet and in their stores, four models of Plaintiffs' products ("Disputed Products") for below market prices. *Id.* at ¶ 26. Defendants also indicated on their

---

[2] On a motion to dismiss a counterclaim, the Court relies only on the facts alleged in the counterclaim. However, because the Amended Answer, Affirmative Defenses, and Counterclaims here contain little factual background, the Court uses the First Amended Complaint, D.E. 11, to provide necessary background information.

website that they were the authorized distributors of the Disputed Products even after their agreement was terminated. *Id.* at ¶ 35. Despite receiving a cease and desist letter from Plaintiffs, Defendants continued to sell and market the Disputed Products and represented to consumers that they were authorized distributors. *Id.* at ¶ 39.

Plaintiffs filed their initial Complaint on February 24, 2017, and filed a First Amended Complaint on May 30, 2017. D.E. 1, 11. The First Amended Complaint lists seven counts for (1) copyright infringement under 17 U.S.C. § 501; (2) trademark infringement under the Lanham Act; (3) unfair competition under the Lanham Act; (4) trade dress infringement and false designation of origin under the Lanham Act; (5) unfair competition; (6) tortious interference with prospective economic advantage; and (7) piercing the corporate veil. FAC at ¶¶ 40-86. Defendants filed an Answer to the First Amended Complaint, D.E. 14 ("Answer"), and then an Amended Answer, D.E. 20 ("Amended Answer" or "Am. Ans."). The Amended Answer includes three counterclaims for: (1) infringement under the Lanham Act; (2) interference with actual and prospective advantage; and (3) misrepresentation of infringement claims under the Digital Millennium Copyright Act. Amend. Ans. at ¶¶ 114-153. Defendants' Amended Answer also contained twenty-seven affirmative defenses. *Id.* at ¶¶ 87-113. On August 7, 2017, Plaintiffs filed the current motion to dismiss Defendants' three counterclaims and to strike six of Defendants' affirmative defenses, D.E. 16-1, which Defendants opposed, D.E. 26. Plaintiffs filed a reply. D.E. 27.

## II. Standard of Review

A motion to dismiss a counterclaim is evaluated under the same standard as motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Signature Bank v. Check-X-Change, LLC*, 2013 WL 3286154, at *2 (D.N.J. June 27, 2013). Under this standard, the counterclaim must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a counterclaim, the court must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court will, however, accept the counterclaim's well-pleaded facts as true. *Fowler*, 578 F.3d at 210.

On a Rule 12(b)(6) motion to dismiss, a district court may not rely on matters extraneous to the pleading sought to be dismissed. Fed. R. Civ. P. 12(d). A motion to dismiss a counterclaim must be decided "on the face of the counterclaim." *Lukoil N. Am. LLC v. Turnersville Petroleum Inc.*, 2015 WL 5455648, at *1 (D.N.J. Sept. 16, 2015). However, in certain circumstances, a court may also consider undisputed and authentic exhibits as well as matters of public record. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997).

As to the six affirmative defenses, a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses need not rise to the level of plausibility but must still provide Plaintiff with fair notice of the grounds for the defense. *Vazquez v. Triad Media Sols., Inc.*, 2016 WL 6090725, at *3 (D.N.J. Oct. 18, 2016) (citing *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015)). Generally, a motion to strike will be denied unless "the allegations confuse the issues or are not related to the controversy and may ultimately cause prejudice to one of the parties." *Signature Bank*, 2013 WL 3286154 at *2. A court should not strike an affirmative unless its insufficiency is clearly apparent. *Id.* Insufficiency is clearly apparent when the defense "could not possibly prevent recovery under any pleaded or inferable set of facts." *Id.* at *3.

### III. Analysis

#### a. First Counterclaim

Defendants' first counterclaim alleges a violation of 15 U.S.C. § 1125(a)(1) of the Lanham Act, 15 U.S.C. § 1051 *et seq.* Section 1125(a)(1) provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). The section creates two bases of liability: false association under Section 1125(a)(1)(A) and false advertising under Section 1125(a)(1)(B). *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1384 (2014). Here, Defendants allege both.

The first counterclaim relies on an electronic communication sent by Joyoung or its agent. Amend. Ans. at ¶ 121, Ex. A. Referred to by Defendants as the "Malicious Statements," the communication indicated that Green Electronics was not authorized to sell Joyoung products or use its trademark and that any sales under the Joyoung were "illegal[.]" Amend. Ans. at ¶ 121, Ex. A. Defendants fail to provide any plausible facts to support a false association claim. A false association claim under the Lanham Act consists of the following elements, which mirror the

5

elements of a common law trademark infringement claim: "'(1) the marks are valid and legally protectable; (2) the marks are owned by the plaintiff; and (3) the defendant's use of the marks to identify goods or services is likely to create confusion concerning the origin of the goods or services.'" *Parks LLC v. Tyson Foods, Inc.*, 863 F.3d 220, 230 (3d Cir 2017) (quoting *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991)). Here, Defendants fail to allege, must less plausibly allege, that they possess a valid mark.

Defendants' false advertising claim shares the same fate. The first counterclaim does not put forth any plausible facts to suggest that the "Malicious Statements" "misrepresent[s] the nature, characteristics, qualities, or geographic origin" of Defendants' goods. 15 U.S.C. § 1125(a)(1)(B); *Parks.*, 863 F.3d at 226; *see also Kehoe Component Sales Inc. v. Best Lighting Prods., Inc.*, 796 F.3d 576, 590 (6th Cir. 2015) ("Absent a false statement about geographic origin, a misrepresentation is actionable under § 1125(a)(1)(B) only if it misrepresents the characteristics of the good itself—such as its properties or capabilities. The statute does not encompass misrepresentations about the source of the ideas embodied in the object (such as a false designation of authorship)[.]" (internal quotation marks and citation omitted)).

Moreover, Defendants do not sufficiently allege that the "Malicious Statements" were a commercial advertisement or promotion. The four elements of a commercial advertisement or promotion are "(1) commercial speech; (2) by a defendant in commercial competition with the plaintiff; (3) for the purpose of influencing customers to buy the defendant's goods or services; and (4) disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within the industry." *Gordon & Breach Sci. Publishers v. Am. Inst. of Physics*, 859 F. Supp. 1521, 1537 (S.D.N.Y. 1994). Among other things, the first counterclaim fails to adequately

allege that the "Malicious Statements" were "disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within the industry."

In addition, Defendants merely parrot the language of Section 1125 and claim in conclusory fashion that Plaintiffs violated it. Since restatements of the elements of a claim are legal conclusions, the Court does not consider them in the plausibility analysis. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). Accordingly, the first counterclaim is dismissed.

### b. Second Counterclaim

Defendants' second counterclaim is a claim for "interference with actual and prospective advantage." Assuming that Defendants intended the second counterclaim to be a claim for tortious interference with prospective *economic* advantage, it is insufficiently pled. Such a claim requires showing that wronged party (1) had a reasonable expectation of economic advantage; (2) which was lost as a direct result of plaintiff malicious interference; and (3) that it suffered losses thereby. *Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 382 (3d Cir. 2016) (citing *Ideal Dairy Farms, Inc. v. Farmland Dairy Farms, Inc.*, 282 N.J. Super. 140,659 (N.J. Super. Ct. App. Div. 1995)). The second element, malicious interference, requires "the intentional doing of a wrongful act without justification or excuse." *Avaya Inc.*, 838 F.3d at 383.

Here, Defendants allege that as a result of "false statements" by Plaintiffs, Defendants' primary outlet for the soymilk machines, Amazon.com, blocked sales Green Electronics' products. Amend. Ans. at ¶ 131. Defendants allege "on information and belief" that Joyoung's lawyer, Mr. Kao, "contacted Amazon and falsely claimed that Green Electronics' soymilk makers were counterfeits and requested sale of same by Green Electronics be blocked." *Id.* at ¶ 131. It appears

that this allegation is different than the one that forms the basis for the first counterclaim, although Defendants incorporate the allegations made in counterclaim one in paragraph 130. *Id.* at ¶ 130.

Parties "may plead facts based upon 'information and belief,'" but they must "set forth the 'specific facts upon which the belief is reasonably based.'" *ICU Medical, Inc. v. RyMed Technologies, Inc.*, 752 F.Supp. 2d 486, 488 (D. Del. 2010) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). Whereas Defendants provide a copy of the alleged communication pertinent to first counterclaim as an exhibit, Defendants provide no other facts about the alleged contact between Mr. Kao and Amazon wherein Kao stated that the goods were counterfeit (as opposed to un-licensed). It is not clear to the Court what the basis is for the information and belief that this contact occurred. Because this allegation is critical to Defendants' second counterclaim, without more, Defendants have failed to plausibly plead a claim of tortious interference. Thus, the second counterclaim is dismissed.

### c. Third Counterclaim

Defendants' third counterclaim falls under the statute commonly referred to as the Digital Millennium Copyright Act ("DMCA"), which enables a copyright owner to alert an online service provider that a copyright is being infringed, requiring the provider to remove the material from the internet. 17 U.S.C. § 512(c)(1)(C). Specifically, Defendants make a claim for misrepresentation of infringement claims under 17 U.S.C. § 512(f). This section, in relevant part, provides:

> Any person who knowingly materially misrepresents under this section (1) that material or activity is infringing, or (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages…incurred by the alleged infringer.

17 U.S.C. § 512(f). Liability may be imposed under § 512(f) only if the misrepresentation was knowing. *TD Bank, N.A. v. Hill*, 2014 WL 413525, at *7 (D.N.J. Feb. 3, 2014) (citing *Rossi v. Motion Picture Ass'n of America Inc.*, 391 F.3d 1000, 1003 (9th Cir. 2004)). Under Rule 9(b),

8

"[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Here, Defendants allege that Plaintiffs knowingly made a false legal claim of copyright infringement, which led Amazon to block Defendants' sales of the soymilk machines. Plaintiffs argue that because Defendants have failed to show that a predicate takedown notice was made under the DMCA, Defendants cannot sufficiently state a claim for a violation of Section 512(f). To be potentially liable, Plaintiffs must have notified a service provider (such as Amazon) in writing that Defendants were violating their copyright. *See* 17 U.S.C. § 512(c)(3)(A) (stating "[t]o be effective under this subsection, a notification of a claimed infringement must be a written communication provided to the designated agent of a service provider"). Defendants have failed to make such a claim. Instead, they state, as they did in counterclaim two, that Mr. Kao "demanded Amazon remove the soymilk machines from its website on the grounds that they were allegedly counterfeit and infringed their copyright." Am. Ans. at ¶ 150. First, Defendants fail to allege that the alleged communication was in writing. Second, like the second counterclaim, the allegation is based on "information and belief," and Defendants do not adequately state the basis for their information or belief. As a result, the third counterclaim is dismissed.

### d. Six Affirmative Defenses

Plaintiffs challenge six of Defendants' twenty-seven affirmative defenses: (1) the Amended Complaint fails to state a claim upon which relief may be granted (One); (2) estoppel (Ten); (3) unclean hands (Eleven); (4) unclean hands (Nineteen); (5) waiver and estoppel (Twenty-One); and (6) failure to state a cause of action (Twenty-Seven).

Affirmative defenses are generally not stricken unless there is "no set of facts which could be inferred from the pleadings in support of the defenses." *Mifflinburg Telegraph, Inc. v. Criswell*,

80 F.Supp.3d 566, 573 (M.D. Pa. Jan. 21, 2015). Yet, pursuant to Rule 12(f), redundant defenses can be stricken. Here, Court denies the motion to strike. While many of the affirmative defenses appear redundant, Defendants apparently attempted to assert similar affirmative defenses based on the different causes of action. The First, Second, and Thirteenth Affirmative Defense appear to apply to all counts; the Third through Twelfth Affirmative Defenses appear to apply to the second through sixth counts; and the Fifteenth through Twenty-Seventh Affirmative Defenses appear to address the first count. The structure is admittedly confusing and unusual, but the Court cannot find that the defenses are necessarily redundant. That being said, if Defendants do choose to amend their counterclaims consistent with this Opinion, they should consider a better approach to asserting their affirmative defenses as well.

### IV. Conclusion

For the reasons stated above, Plaintiff's motion to dismiss Defendants' counterclaims is **GRANTED** without prejudice. Defendants have thirty (30) days to file amended counterclaims consistent with this Opinion. If they do not, the counterclaims will be dismissed with prejudice. Plaintiffs' motion to strike six of Defendants' affirmative defenses is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: July 27, 2018

                                                                                                                   John Michael Vazquez, U.S.D.J.